UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LUCAS WOOD, )
   Plaintiff, )
 )
vs. ) Case No. 21-2254
 )
DR. JONATHAN EK, et. al., )
   Defendants )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's claims and consideration of Plaintiff's motion for leave to file an amended complaint [8] and motions for appointment of counsel. [5,9].

Approximately one month after he filed his complaint, Plaintiff filed a motion for leave to amend his complaint with a complete proposed complaint attached. [8]. The motion to amend is granted pursuant to Federal Rule of Civil Procedure 15. [8].

I. MERIT REVIEW

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Dr. Jonathan Ek, Wexford Health Sources, Health Care Administrator Jennifer Chicone, Physical Therapist John Curtis, Carle Physical Therapy, and unknown other Defendants violated his constitutional rights at Danville Correctional Center.

Plaintiff provides extensive detail concerning his requests for medical care beginning on July 15, 2021 after he injured his right leg playing soccer. Plaintiff had difficulty walking or standing, and he was forced to limp in pain to meals, showers, etc.

Plaintiff says he sent several requests for medical care, filed grievances, and both submitted a letter and spoke directly with the Warden. Family members also placed phone calls to Defendant Health Care Administrator Chicone. Plaintiff says even when he was finally scheduled for an appointment, those appointments were canceled due to "time constraints." (Amd. Comp, p. 12).

Plaintiff finally met with an unknown nurse on August 5, 2021 who immediately referred Plaintiff to Defendant Dr. Ek. The Defendant diagnosed Plaintiff with a "small tear" in his Achilles Tendon. (Amd. Comp, p. 14). Although Plaintiff said he was painful to walk, he was sent back to his housing unit on the second floor without crutches or any other walking aid. Defendant Dr. Ek prescribed Tylenol and Naproxin for pain, ordered an ultrasound, and physical therapy. (Amd. Comp., p. 15).

Plaintiff has attached copies of his medical records which provide two confusing handwritten notes. An August 5, 2021 doctor's note confirms the prescribed pain medication and referral to a Physical Therapist. (Amd. Comp., p. 49). However, a second doctor's note on August 7, 2021 notes the a tear to Plaintiff's right Achilles

2

tendon. (Comp., p. 52). The record further indicates Plaintiff should not bear weight on his leg and may need crutches or a wheelchair. (Amd. Comp., p. 52). Plaintiff apparently claims he was not provided anything beyond pain medication which he claims did not help.

Plaintiff was sent to Carle Physical Therapy on August 27, 2021, where he met with Defendant Physical Therapist John Curtis. Plaintiff explained he had torn his Achilles Tendon, and the Defendant said was aware of the injury. Plaintiff says the Defendant began stretching and pulling his Achilles causing pain and discomfort. Defendant Curtis also provided Plaintiff with exercises to do on his own. Plaintiff says he complied with the exercises when he returned to the correctional center, but they caused pain and discomfort.

Plaintiff has also provided a copy of Defendant Curtis's medical report. (Comp., p. 39). Defendant Curtis states Plaintiff "has not had imaging performed yet, but (the doctor) says there is a small tear in the R Achilles tendon." (Comp, p. 39). Defendant Curtis accessed Plaintiff pain, mobility, and range of motion and prescribed stretches for each leg. (Comp, p. 39-42).

On August 31, 2021, an ultrasound confirmed Plaintiff had "a high-grade/complete tear of the right Achilles tendon." (Comp., p. 36). On September 3, 2021, Plaintiff was moved to Danville's infirmary and provided a partial cast and crutches. Plaintiff was advised not to put weight on his right leg. He was also advised he should not continue with any exercises.

Plaintiff met again with Defendant Ek on September 7, 2021 who stated he did not remember ordering physical therapy, but informed Plaintiff he was now scheduled to see an orthopedic specialist. Plaintiff repeatedly complained the provided pain medications were not providing any relief, but no further medications were provided.

Plaintiff met with a specialist on September 24, 2021 and he was provided a boot. An MRI was scheduled. In October of 2021, Plaintiff says he was informed that "due to the delay in treatment, he is no longer able to just re-attach plaintiff's Achilles tendon." (Amd. Comp, p. 21). Instead, surgery would repair his leg "by using other tendons from his leg." (Amd. Comp, p. 21). It does not appear Plaintiff had received surgery by the time he initiated this lawsuit. [1] (Comp.).

Plaintiff ends his complaint with two "counts." (Comp, p. 10-12). The first count alleges Defendants Chicone, Dr. Ek, Curtis, and unknown Wexford employees were deliberately indifferent to his serious medical condition in violation of his Fourteenth and Eighth Amendment rights. Since Plaintiff is not a pretrial detainee, his claim is pursuant to the Eighth Amendment only. *See Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018)(Fourteenth Amendment applies to pretrial detainees).

Plaintiff adequately alleges Defendants Dr. Ek and Chicone forced him to suffer in pain, refused to schedule a timely appointment, forced him to walk without assistance, sent him to physical therapy before his injury was properly diagnosed,

---

[1] Plaintiff has provided a copy of a response from the ARB dated August 30, 2021, so it appears he exhausted administrative remedies before filing his initial complaint. (Comp., p. 37).

4

delayed sending him to an orthopedic specialist, delayed outside imaging, and generally denied or delayed needed medical care for his torn Achilles Tendon causing a more serious injury.

Plaintiff claims Defendant Curtis knew he had a torn Achilles Tendon, but caused additional injury when he pushed and pulled on his leg in a painful manner and prescribed exercises which further injured his leg. (Amd. Comp, p. 26). First, Plaintiff has not alleged Defendant Curtis or Carle Physical Therapy had a contractual relationship with Danville Correctional Center or the Illinois Department of Corrections to provide medical care to prisoners. Whether a private physician or physical therapist "can be considered a 'state actor' is a key factor in determining whether Plaintiff can maintain a constitutional claim for deliberate indifference to a medical/mental health condition against such a defendant because a plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor." *Wainwright v. Trost*, 2017 WL 5973026, at *3 (S.D.Ill. Dec. 1, 2017), *citing Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-30 (7th Cir. 2009); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). "A mere referral of a prisoner for treatment by an outside medical provider does not transform such a provider into a state actor that may be sued under § 1983—more is required." *Wainwright,* 2017 WL 5973026, at *3.

Second, even if Plaintiff had adequately alleged the Defendant was a state actor, it is doubtful he has alleged deliberate indifference. Plaintiff does not believe he should have received physical therapy prior to the ultrasound. However, this was not a

decision made by an outside provider whose only role was to provide physical therapy. Defendant Curtis was not responsible for Plaintiff's overall care or scheduling appointments, and the Defendant noted Dr. Ek's diagnosis, and that imaging was ordered. In addition, it is not uncommon to provide physical therapy as a nonsurgical alternative for the treatment of a torn Achilles Tendon and generally it is started four to six weeks after the injury.² Plaintiff has not articulated a claim against Defendant Curtis or Carle Physical Therapy. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *see also* S*hields v. Illinois Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014).

Finally, Plaintiff refers vaguely to unknown Wexford employees, but he does not explain how these employees might be involved in his claims, nor any description of the individuals such as days works or job responsibilities. *See i.e. Niewiedzial v. Robinson Medical Staff*, 2021 WL 3674716, at *2 (S.D.Ill. Aig. 19, 2021)("Plaintiff's designation of "Robinson medical staff" is insufficient to state a claim against any individual(s), even at screening).

Count II of Plaintiff's complaint claims Wexford is also responsible for his claims based on widespread practices and policies. The only specific policy or custom Plaintiff identifies is denying needed medical care to cut costs. However, Plaintiff's Amended Complaint does not support this claim. At or near his first visit with Dr. Ek in August

---

² VeryWellHEALTH, Exercise Program for Achilles Tendon Rupture, https://www.verywell health.com/pt-exercises-for-achilles-tendon-tear-4165931 (dated Dec. 9, 2021); WebMD, Achiles Tendon Injuries, https://www.webmd.com/fitness-exercise/guide/achilles-tendon-injury (dated Oct. 18, 2021).

of 2021, the medical notes indicate the doctor ordered three outside services: an ultrasound, an orthopedic consultation, and physical therapy. Plaintiff may therefore proceed with his Eighth Amendment claim against Defendants Ek and Chicone, and all other Defendants will be dismissed.

## II. MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff has filed two motions for appointment of counsel. [5, 9]. The Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

> Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

Ultimately "[t]he question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant." *Pruitt,* 503 F.3d at 655 (internal quotation omitted). The text is whether the litigant is competent to litigate his own claims. *Pruitt v. Mote,* 503 F.3d 647, 655 (7th Cir. 2007).

Plaintiff has demonstrated some attempt to find counsel on his own. Therefore, the Court must focus on "whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt,* 503 F.3d at 655.  !!

7

Plaintiff says due to his Achilles injury, he expects a long recovery process. In addition, Plaintiff says he has limited knowledge of the law and will need a medical expert.

First, the Court notes Plaintiff's pleading is clear and on point with relevant exhibits attached. Second, Plaintiff has cited to relevant case law in in his motion for appointment of counsel. [9]. Third, if Plaintiff needs additional time to respond to any deadline, he can file a motion prior to the deadline indicting why he needs an extension of time. The Court will also hold a hearing once the Defendants are served and will review claims, defenses, and needed discovery. A Scheduling Order will then be entered with additional information which can assist a *pro se* litigant.

Plaintiff will be able to obtain any additional, relevant medical records. In addition, Plaintiff has demonstrated he is able to describe his efforts to obtain medical care, the pain he experienced, and the responses he received. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference).

Based on the current record, Plaintiff's motions for appointment of counsel are denied. [5, 9].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Danville Correctional Center Defendants Dr. Jonathan Ek and Health Care Administrator Jennifer Chicone violated his Eighth Amendment rights when they were deliberately indifferent to

his serious medical condition, a torn Achilles Tendon. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's Motion for Leave to File an Amended Complaint, [8]; 2) Dismiss Defendants Wexford, Carle Physical Therapy, Defendant Curtis, and Unknown Employees for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Deny Plaintiff's Motions for Appointment of Counsel, [5, 9]; 4) Attempt service on Defendants pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 6th day of April, 2022.

                                          s/ James E. Shadid
                                  JAMES E. SHADID
                         UNITED STATES DISTRICT JUDGE