UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LUCAS WOOD,        )   | |
|   Plaintiff,        ) | |
|                              ) | |
| vs.        ) | Case No. 21-2254 |
|                              ) | |
| DR. JONATHAN EK, et. al.,        ) | |
|   Defendants        ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motions for Leave to File an Amended Complaint [23, 35]; Motion for Supplemental Jurisdiction, [25]; Motion for Counsel, [26]; and Defendant Jennifer Chicone's Motion to Adopt Co-Defendants' Response to Motion to Amend. [38].

I. BACKGROUND

The *pro se* Plaintiff alleges Danville Correctional Center Defendants Dr. Jonathan Ek and Health Care Administrator Jennifer Chicone violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition, a torn Achilles Tendon. *See* April 6, 2022 Merit Review Order. The claim is stated against the Defendants in their individual capacities only.

Plaintiff's first Motion for Leave to Amend has a complete, proposed amended complaint attached. [23]. Plaintiff's second motion simply asks the Court to allow him to amend, but it does not have a proposed complaint attached. [38]. Therefore, Plaintiff's first Motion for Leave to Amend is granted pursuant to Federal Rule of Civil

1

Procedure 15. [35]. His second motion is denied because it does not include the required complaint. [35].

The Defendants have been served and Defendant Chicone has filed a Motion to Adopt her Co-Defendants' response to the Motion to Amend the Complaint. [38]. The motion is granted. [38].

## II. MERIT REVIEW

Plaintiff seeks to amend his complaint to add a new Defendant and new allegations.[1] The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has identified the following Defendants: Dr. Jonathan Ek, Health Care Administrator Jennifer Chicone, an unknown nurse; and Wexford Health Sources.[2] Plaintiff's amended complaint again provides extensive detail concerning his leg injury and his requests for medical care beginning on July 15, 2021, after he injured his right

---

[1] For clarification of the record, Plaintiff's Amended Complaint is the third complaint he has filed in this litigation. [1, 8]; *see* January 14, 2022 Text Order.

[2] The Court notes while Plaintiff's list of Defendants includes "unknown nurses," Plaintiff has clarified he is referring to one nurse who ignored his complaints of leg pain on July 21, 2021 and July 23, 2021. (Amd. Comp., p. 3, 22). Even if Plaintiff intended to add other Jane Doe nurses, his complaint only articles a claim against this one individual.

leg playing soccer. Plaintiff received an ultra sound on August 31, 2022 confirming "a 'high-grade/complete tear' or the right Achilles tendon." (Amd. Comp., p. 9).[3]

A surgeon informed Plaintiff he could not re-attach Plaintiff's tendon due to the delay in treatment and instead Plaintiff would need a tendon transfer surgery. Plaintiff received the surgery on January 26, 2022. However, Plaintiff says he still has a pronounced limp and suffers with extreme pain if he stands for any length of time.

Based on his allegations, Plaintiff's amend complaint alleges Defendant Dr. Ek, HCA Chicone, and Nurse Jane Doe violated his Eighth Amendment rights and the state law tort of medical malpractice. (Amd. Comp., p. 15-28). Plaintiff further alleges a *Monell* claim against Wexford based on the policy and practice of insufficient staffing, cost cutting, and delaying outside referrals, and a state law claim of medical malpractice. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

Plaintiff has filed a Motion for Supplemental Jurisdiction asking the Court to consider his state law medical malpractice claims.[25]. The motion is unnecessary as Plaintiff's Amended Complaint demonstrates the malpractice claims are based on "a common nucleus of operative fact" with his Eighth Amendment claims. *Wisconsin v. Ho–Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). Therefore, the motion is denied as moot. [25].

---

[3] The Court previously struck 91 pages of exhibits provided with the Amended Complaint and advised Plaintiff it would only consider claims stated in the body of his Amended Complaint. *See* June 8, 2022 Text Order.

While Defendants deny Plaintiff's factual allegations, they agree the Court has discretion to allow Plaintiff to amend his complaint. [37]. However, Plaintiff is admonished he MUST comply with the requirements of the Illinois Healing Arts Malpractice statute by the deadline for filing summary judgment motions if he wishes to proceed with any claim of medical malpractice. *See* 735 ILCS 5/2-622 *et. seq*; *see also Young v. United States*, 942 F.3d 349 (7th Cir. Nov. 4, 2019) (allowing *pro se* Plaintiff until summary judgment stage to comply with affidavit requirement). This statute requires Plaintiff to provide the Court with an affidavit and a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." 735 ILCS 5/2-622(a); *see also Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622 applies to state law claim filed in federal court). If Plaintiff fails to meet this requirement, his medical malpractice claims will be dismissed.

Plaintiff is also advised his claim spans from July 15, 2021, until he received surgery on January 26, 2022. Any claims concerning care provided after his surgery would have to be addressed in a separate lawsuit. *See i.e. Love v. Hoffman*, 2019 WL 529935, at *2 (W.D.Wis. Feb. 11, 2019); *Todd v. Shaw*, 2018 WL 5904455, at *5 (S.D.Ill. Aug. 27, 2018).

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has again renewed his Motion for Appointment of Counsel. [26]. Plaintiff sayss he has now filed an amended complaint and has limited knowledge of the law. Nonetheless, Plaintiff's complaint is very detailed and demonstrates Plaintiff's ability to explain his injury, his efforts to obtain help, and the response received. The

motion is denied for the reasons previously stated. *See* April 6, 2022 Merit Review Order, p. 7-8.

IT IS THEREFORE ORDERED:

1) Defendant Jennifer Chicone's Motion to Adopt the Co-Defendants' Response to the Motion to Amend is GRANTED. [38].

2) Plaintiff's First Motion for Leave to File an Amended Complaint is GRANTED pursuant to Federal Rule of Civil Procedure 15. [23]. The Clerk is directed to file the attached complaint.

3) Based on a merit review of the Plaintiff's Amended Complaint, Plaintiff alleges Defendant Dr. Ek, HCA Chicone, Nurse Jane Doe, and Wexford Health Sources violated Plaintiff's Eighth Amendment rights and the state law tort of medical malpractice. Plaintiff claims the Defendants denied or delayed medical care for his torn Achilles tendon from July 15, 2021 to January 26, 2022, and he was denied adequate care based on Wexford's policy or practice or cost cutting, insufficient staffing, and delaying outside referrals. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) The Clerk of the Court is to add Defendants Nurse Jane Doe and Wexford and serve Wexford pursuant to the standard procedures.

4**) Plaintiff has provided specific information concerning his interactions with Nurse Jane Doe on July 21, 2021 and July 23, 2021. If Plaintiff can provide a physical description of this Defendant, he must provide this information to**

**the Court in writing within 14 days or on or before November 18, 2022. Defense Counsel for the two served Defendants will then have an additional 14 days or until December 5, 2022, to state whether they can identify this Defendant.   If not, Defendants must state what additional information is needed.**

5) Plaintiff's Second Motion for Leave to Amend is DENIED as no complaint was attached [35].

6) Plaintiff's Motion for Supplemental Jurisdiction is DENIED as Moot [25].

7) Plaintiff's Motion for Appointment of Counsel is DENIED [26].

8) Defendants must file a timely answer to the Amended Complaint.

9) To prevent further delays, a Scheduling Order will be entered.

ENTERED this 4th day of November, 2022.

                                                      s/ James E. Shadid
                             _____
                                       JAMES E. SHADID
                              UNITED STATES DISTRICT JUDGE