IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LUCAS WOOD (R-64297), | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case no. 21-cv-2254 |
| | ) |
| v. | ) Honorable James E. Shadid |
| | ) Judge Presiding |
| DR. JONATHAN EK *et al.*, | ) |
| | ) |
| Defendant(s). | ) |

**REPLY TO RESPONSE TO
MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendant, Jennifer Chacon, by and through her attorney, KWAME RAOUL, Illinois Attorney General, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D)(3), submits the following Reply to Response to Motion for Summary Judgment. In support thereof, Defendant states as follows:

**REPLY TO ADDITIONAL MATERIAL FACTS**

Plaintiff has not properly introduced additional facts. Pursuant to LR 7.1(D)(2)(b)(5), the plaintiff must "List and number each additional material fact raised in opposition to the motion for summary judgment. Each additional fact must be supported by evidentiary documentation referenced by specific page. Include as exhibits all relevant documentary evidence not already submitted by the movant."

Although the filings of *pro se* litigants are subject to more liberal review and interpretation, a *pro se* plaintiff must still comply with the governing local rules of procedure. *Dale v. Poston*, 548 F.3d 563, 568 (7th Cir. 2008)("Judges, of course, must construe *pro se* pleadings liberally. But procedural rules cannot be ignored."); *Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir.

2001)(a *pro se* plaintiff's failure to comply with Local Rule 56.1 is not excused by the rule that courts should construe the pleadings of *pro se* plaintiffs liberally).

In the case at bar, Plaintiff has failed to comply with Local Rule 7.1(D)(2)(b)(5). It is unclear, but it appears that Plaintiff is attempting to introduce additional facts via his own Declaration. (Dkt. # 166, Plaintiff's Response, pp. 2, 3). This Declaration apparently cites to pleadings and unknown exhibits, presumably exhibits to his Complaint or Amended Complaint. Defendant should not have to root around in Plaintiff's Response or other pleadings to try and find additional facts and supporting documentation to then respond to them. *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000)("Judges are not like pigs, hunting for truffles buried in briefs"). With these principles in mind, Defendant replies to Plaintiff's Additional Material Facts Declaration as follows:

1.  I am the plaintiff in this case. I make this declaration in opposition to defendant Chicone's motion for summary judgment on my claims of deliberate indifference.

RESPONSE: Not a material fact. Plaintiff's status and the reason he made this Declaration is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Not disputed.

2.  The defendant is not entitled to summary judgment because there are genuine issues of material facts to be resolved. These issues are identified in the accompanying response to defendants motion for summary judgment and set out in this declaration.

RESPONSE: Not a material fact. Plaintiff claiming that there are issues of fact is a self-serving legal conclusion with no supporting evidence and is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Disputed. See Defendant's Motion for Summary Judgment.

3.  Plaintiff disputes defendants argument that Chicone is not liable because she never spoke to plaintiff.

RESPONSE: Not a material fact. Plaintiff disputing an argument is a self-serving legal conclusion with no supporting evidence and is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Disputed. See Defendant's Motion for Summary Judgment.

4.  Defendant Chicone was made aware of plaintiffs delay in medical care and pain and suffering long before plaintiff was ever seen by Dr. Ek.

RESPONSE: Material fact. This is a self-serving legal conclusion with no supporting evidence and is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Disputed. See Defendant's UMF, ¶¶ 11, 14.

5.  Plaintiff wrote request slips for nurse sick call (NSC) trying to be seen for his serious medical needs on July 15, 2021, Jul 23, 2021, August 2, 2021 and August 3, 2021. (See P. 19 para 101 of plaintiffs Amended sworn complaint).

RESPONSE: Not material facts. The number of request slips for nurse sick call made by Plaintiff is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Moreover, there is no evidence that Defendant ever received these request slips. Not disputed. However, Plaintiff did not cite to admissible evidence regarding this fact. It is improper to cite to a complaint in an attempt to raise an issue of fact to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)(to survive summary judgment, the opposing party must go beyond the pleadings and identify specific facts showing the existence of a genuine issue for trial). A party must cite to admissible evidence. *Bordelon v. Bd. Of Educ.*, 811 F.3d 984 (7th Cir. 2016)(the evidence supporting a factual assertion must represent admissible evidence).

6.  Defendant received phone calls from Elizabeth Lampson regarding a delay in medical treatment, plaintiff having difficulty walking and his pain and suffering on July 21, 2021 and August 3, 2021 (See Ex. 9).

RESPONSE: Not a material fact. Whether Defendant was made aware of a delay in Plaintiff's medical treatment is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Not disputed. However, Plaintiff did not cite to admissible evidence regarding this fact as this appears to be a reference to inadmissible hearsay. It is improper to cite to a complaint in an attempt to raise an issue of fact to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)(to survive summary judgment, the opposing party must go beyond the pleadings and identify specific facts showing the existence of a genuine issue

for trial). A party must cite to admissible evidence. *Bordelon v. Bd. Of Educ.*, 811 F.3d 984 (7th Cir. 2016)(the evidence supporting a factual assertion must represent admissible evidence).

7. Having knowledge of plaintiffs immediate medical care needs, Chicone did not ensure "time constraints" and scheduling issues would not interfere with set appointments for plaintiff to be seen by medical staff.

RESPONSE: Material. Disputed. See Defendant's UMF, ¶ 11, 14.

8. Defendant Chicone is the Healthcare Unit Administrator and it is her responsibility to oversee the healthcare unit and its medical staff, which she failed to do (See Ex. 5).

RESPONSE: Material fact. The fact that Defendant was an administrator is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Disputed. See Defendant's UMF, ¶ 13.

9. Defendant Chicone admittedly failed to properly staff the Healthcare Unit (See Ex. 6). She also failed to organize and coordinate patient care assignments, monitor staff functions, and ensure they comply with medical, professional Nurse Practice Acts, departmental directives and facility policies and procedures, which her job requires her to do. Her failure to do so violated plaintiffs Eight Amendment Rights (See Ex. 5).

RESPONSE: Material fact. This is a self-serving legal conclusion with no supporting evidence and is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Defendant does not know what is being referenced as Ex. 5. Disputed. The fact that Defendant was an administrator is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. See Defendant's UMF, ¶¶ 11-14.

10. Defendant Chicone claims plaintiff is only suing her for failing to properly staff the HealthCare Unit (HCU). This is simply not true.

RESPONSE: Not a material fact. Plaintiff disputing an argument is a self-serving legal conclusion with no supporting evidence and is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Disputed. See Defendant's Motion for Summary Judgment.

11.     Plaintiff is suing Chicone for deliberately ignoring plaintiffs pleas for help, while having knowledge of his pain and suffering, deliberately disregarding her duty to ensure plaintiff was seen by a health care professional in a reasonable amount of time, short staffing, and failing to do anything more than review the offender progress notes when replying to grievances regarding Dr. Ek's indifference to plaintiffs medical needs.

RESPONSE: Material fact. Disputed. See Defendant's UMF, ¶¶ 11-14. Additionally, Plaintiff did not cite to admissible evidence regarding this fact. It is improper to cite to a complaint in an attempt to raise an issue of fact to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)(to survive summary judgment, the opposing party must go beyond the pleadings and identify specific facts showing the existence of a genuine issue for trial). A party must cite to admissible evidence. *Bordelon v. Bd. Of Educ.*, 811 F.3d 984 (7th Cir. 2016)(the evidence supporting a factual assertion must represent admissible evidence).

12.     While plaintiff was in the infirmary, plaintiff was constantly ignored when he explained that his pain management was ineffective. (See Ex. 11, 12*, 13, 14, 15).

RESPONSE: Not material facts. Whether Plaintiff was ignored on occasion while in the infirmary is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Disputed. See Defendant's UMF, ¶¶ 1-10. Additionally, Plaintiff did not cite to admissible evidence regarding this fact. It is improper to cite to a complaint in an attempt to raise an issue of fact to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)(to survive summary judgment, the opposing party must go beyond the pleadings and identify specific facts showing the existence of a genuine issue for trial). A party must cite to admissible evidence. *Bordelon v. Bd. Of Educ.*, 811 F.3d 984 (7th Cir. 2016)(the evidence supporting a factual assertion must represent admissible evidence).

13.     Defendant Chicone can NOT rely on the professional judgement standard due to the fact plaintiff had not been seen by a medical professional.

RESPONSE: Not a material fact. Plaintiff disputing an argument is a self-serving legal conclusion with no supporting evidence and is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Disputed. See Defendant's Motion for Summary Judgment.

14. Plaintiff has provided ample evidence showing that the care he received was not up to par according to the accepted professional judgment, practice standard (See Ex. 16, 17, 8).

RESPONSE: Not material facts. Plaintiff claiming that his medical care was not up to par is a self-serving legal conclusion with no supporting admissible evidence and is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment as this is not a medical negligence case, but an Eighth Amendment case. Disputed. See Defendant's Motion for Summary Judgment. Additionally, Plaintiff did not cite to admissible evidence regarding these facts. It is improper to cite to a complaint in an attempt to raise an issue of fact to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)(to survive summary judgment, the opposing party must go beyond the pleadings and identify specific facts showing the existence of a genuine issue for trial). A party must cite to admissible evidence. *Bordelon v. Bd. Of Educ.*, 811 F.3d 984 (7th Cir. 2016)(the evidence supporting a factual assertion must represent admissible evidence).

15. The care plaintiff received was not within Wexfords guidelines for a torn achilles injury.

RESPONSE: Not material facts. The medical care provided by co-defendant Wexford is a self-serving legal conclusion with no supporting admissible evidence and is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Disputed. See Defendant's Motion for Summary Judgment. Additionally, Plaintiff did not cite to admissible evidence regarding these facts. It is improper to cite to a complaint in an attempt to raise an issue of fact to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)(to survive summary judgment, the opposing party must go beyond the pleadings and identify specific facts showing the existence of a genuine issue for trial). A party must cite to admissible evidence. *Bordelon v. Bd. Of Educ.*, 811 F.3d 984 (7th Cir. 2016)(the evidence supporting a factual assertion must represent admissible evidence).

16. Evidence shows that defendant Chicone was put on notice that plaintiff's medical care was amiss. (See Ex1, 2, 3).

RESPONSE: Not a material fact. Plaintiff disputing an argument is a self-serving legal conclusion with no supporting evidence and is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Disputed. See Defendant's Motion for Summary Judgment.

17. Evidence shows Chicone's job responsibilities require her to do morte [sic] than just reply to inmate grievances (See Ex. 5).

RESPONSE: Not a material fact. Plaintiff disputing or making an argument is a self-serving legal conclusion with no supporting evidence and is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Disputed. See Defendant's UMF, ¶¶ 1-10.

17. Plaintiff began seeking medical attention via NSC request slips on July 15, 2021, was not seen by a professional until August 5, 2021, and was not given crutches or wheelchair until September 3, 2021. Plaintiff was made to walk, un-aided on a completely torn achilles tendon for nearly two months.

RESPONSE: Not material facts. The medical care provided by co-defendant Wexford is a self-serving legal conclusion with no supporting admissible evidence and is not pertinent to the outcome of the issues identified in Defendant's Motion for Summary Judgment. Disputed. See Defendant's Motion for Summary Judgment. Additionally, Plaintiff did not cite to admissible evidence regarding these facts. It is improper to cite to a complaint in an attempt to raise an issue of fact to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)(to survive summary judgment, the opposing party must go beyond the pleadings and identify specific facts showing the existence of a genuine issue for trial). A party must cite to admissible evidence. *Bordelon v. Bd. Of Educ.*, 811 F.3d 984 (7th Cir. 2016)(the evidence supporting a factual assertion must represent admissible evidence).

## ARGUMENT

**I. DEFENDANT WAS NOT INVOLVED IN PLAINTIFF'S MEDICAL CARE.**

It remains undisputed that Defendant did not provide medical care to Plaintiff. This fact is established through Plaintiff's own testimony. (UMF, ¶¶ 11-14). Defendant cannot be liable for the actions of others regarding the matter in which Plaintiff received medical care and treatment. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). Defendant was not personally responsible for Plaintiff's medical care in this case. (UMF, ¶¶ 11-15). The fact that she may have received phone calls from Plaintiff's girlfriend or letters or grievances, without more, cannot create liability under the Eighth Amendment." See *Knox v. Wainscott*, No. 03 C 1429, 2003 WL 21148973, at *10 (N.D. Ill. May 14, 2003) ("The fact that the plaintiff may have also written letters to IDOC administrators is insufficient to implicate them in the alleged violations…Even accepting as true that the plaintiff complained about his treatment at Stateville through letters and grievances, IDOC administrators cannot be expected to involve themselves with the minutiae of daily events

in the lives of thousands of prisoners."); See also, *Volk v. Coler*, 638 F. Supp. 1540, 1549 (C.D. Ill. 1986), aff'd 845 F.2d 1422 (7th Cir. 1988)(letters are insufficient to create personal involvement).

A defendant must be "personally responsible for the deprivation of a constitutional right." *Id*. There is no such evidence here. Defendant was not personally responsible for Plaintiff's medical care in this case. (UMF, ¶¶ 11-15). Further, there is no evidence that Defendant was personally responsible for hiring staff or general staffing issues, which seems to be the main point being made by Plaintiff in his Response. To recover damages under § 1983, a plaintiff "must establish Defendant's personal responsibility for the claimed deprivation of a constitutional right." *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). There is no such evidence here, and therefore, Defendant cannot be held liable to the Plaintiff in this case.

Respectfully Submitted,

KWAME RAOUL  
Attorney General of Illinois

s/*Paul O. Watkiss*  
Paul O. Watkiss  
ARDC #6196695  
Assistant Attorney General  
General Law Bureau  
Prisoner Litigation Unit  
115 S. LaSalle Street  
Chicago, Illinois 60603

312-814-2098 (Office)  
312-405-0613 (Cell)  
Paul.watkiss@ilag.gov

**CERTIFICATE OF SERVICE**

Pursuant to 28 USC 1746, I hereby certify under penalty of perjury that on October 30, 2024, I electronically filed the foregoing **Reply to Response to Motion for Summary Judgment**, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorney for Wexford defendants**

Joseph N Rupcich
Joy C. Syrcle
ARDC No. 6302066
CASSIDAY SCHADE LLP
3100 Montvale Drive
Springfield, IL 62704
(217) 572-1714
(217) 572-1613 (Fax)
jsyrcle@cassiday.com
Jrupcich@cassiday.com

and I hereby certify that on that same date, I caused to be mailed by United States Postal Service, a copy of the foregoing document to the following non-registered participant:

Lucas Wood, *Pro Se*
R-64297
Big Muddy Correctional Center
Inmate Legal Mail/Parcels
251 N. Illinois Highway 37
Ina, IL 62846

Executed on October 30, 2024.

| | |
|---|---|
| KWAME RAOUL<br>Attorney General of Illinois | s/*Paul O. Watkiss*<br>Paul O. Watkiss<br>ARDC #6196695<br>Assistant Attorney General<br>General Law Bureau<br>Prisoner Litigation Unit<br>115 S. LaSalle Street<br>Chicago, Illinois 60603<br><br>312-814-2098 (Office)<br>312-405-0613 (Cell)<br>Paul.watkiss@ilag.gov |